COUNTIES AND COUNTY OFFICERS
A county is not permitted to pay said increased salaries as provided in Chapter 234, O.S.L. 1978, from any source during 1979 or any year thereafter if said county did not have a composite ad valorem assessment ratio equal to nine percent of the property value as certified by the Board of Equalization. If the District Attorney, within his discretion, under 19 O.S. 215.26 [19-215.26] (1977), determines that members of the County Board of Equalization acted in good faith in its utilizing the full nine mills provided for in Chapter 234, O.S.L. 1978, then the District Attorney would be required to defend such officers pursuant to 19 O.S. 215.25 [19-215.25] (1977). This determination is based on the facts and circumstances in each instance. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Under House Bill 1631, passed during the Second Regular Session of the Thirty-sixth Oklahoma Legislature, can any county pay said increased salaries, from any source, during 1979 or any year thereafter, if said county did not have a composite ad valorem assessment ratio equal to nine percent of the property value as certified by the Board of Equalization? 2. If a county is progressing in meeting the minimum nine percent composite ad valorem assessment ratio required by the Supreme Court decision, and a millage less than nine mills would properly operate the county government, is the District Attorney (Assistant District Attorney) obligated to defend a lawsuit in behalf of the County Board of Equalization in the performance of official duties, if a lawsuit were filed on the basis that said county had not utilized the full nine mills? House Bill 1631 of the Second Regular Session of the Thirty-sixth Oklahoma Legislature (1978), Chapter 234, O.S.L. 1978, amends 19 O.S. 180.62 [19-180.62], 19 O.S. 180.63 [19-180.63] and 19 O.S. 180.64 [19-180.64](A) (1977), and sets forth basic salaries of county officers according to the net valuation of all tangible taxable property in said county and increases in salary according to population and service load according to a specified scale. In order to answer the first question, we must examine the pertinent provision of the Act, Section 3, which provides that: "The salary increase authorized by this measure shall be withheld in those counties in which the composite ad valorem assessment ratio for the county is less than nine percent (9%) of the property value as certified by the Board of Equalization at any time during the calendar year 1979, or any year thereafter." It is well settled that by virtue of Article V, Section 36 of the Oklahoma Constitution, the Oklahoma Legislature has the authority to set county salaries. Further, the Oklahoma Supreme Court in Board of County Commissioners of Tulsa County v. Stokes, 247 P.2d 526 (1952), held that salary increases or decreases based on change in population or assessed valuation does not violate any constitutional inhibitions. Similarly, a withholding of salary increases in those counties in which the assessment ratio is less than nine percent as required by the Act would not, as a matter of law, violate any constitutional inhibitions and likewise is within the legislative authority. It is well established that where an act or provision is clear and unambiguous, no interpretation is required. Therefore, the plain meaning of Section 3 of the Act with its express prohibition would require the conclusion that where a county does not have a composite ad valorem assessment ratio equal to nine percent of the property value, a county is not permitted to pay the increased salaries to its county officers irrespective of source. As to your second question, the Attorney General cannot make the determination, as a matter of law, as to whether the District Attorney is obligated to defend a lawsuit in behalf of the Board of Equalization. Such determination is dependent upon the facts and circumstances in each instance and the factual inquiry by the District Attorney required under 19 O.S. 215.26 [19-215.26] (1977). In this regard, the authority of the District Attorney is spelled out in 19 O.S. 215.25 [19-215.25] (1977) which provides in pertinent part: "In the event an action is brought against a county employee in any civil action or special proceeding in the courts of this state or of the United States by reason of any act done or omitted in good faith in the course of employment, it is the duty of the district attorney for that county, when requested in writing by the employee, to appear and defend the action or proceeding in his behalf." However, 19 O.S. 215.26 [19-215.26] further provides: "Before any such defense is undertaken, an inquiry shall be made by the district attorney of the facts on which the action or special proceedings are based. Unless the district attorney determines that the employee was acting in good faith and in the course of his employment, representation shall not be provided pursuant to this act." (Emphasis added) Therefore, if the District Attorney, within his discretion, determines from the facts that the County Board acted in good faith in the performance of their duty, he is obligated to defend them. However, if he determines that they did not act in good faith, he is not obligated to defend them. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. A county is not permitted to pay said increased salaries as provided in Chapter 234, O.S.L. 1978, from any source during 1979 or any year thereafter if said county did not have a composite ad valorem assessment ratio equal to nine percent of the property value as certified by the Board of Equalization. 2. If the District Attorney, within his discretion, under 19 O.S. 215.26 [19-215.26] (1977), determines that members of the County Board of Equalization acted in good faith in not utilizing the full nine mills provided for in Chapter 234, O.S.L. 1978, then the District Attorney would be required to defend such officers pursuant to 19 O.S. 215.25 [19-215.25] (1977). This determination is based on the facts and circumstances in each instance. (GERALD E. WEIS) (ksg)